**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1431

CONILIA WIJAYA, ALFRED ANDRE MARTIAN

Petitioners,

v.

ALBERTO R. GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lipez, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

<u>Randall A. Drew</u> and <u>Law Offices of Mona T. Movafaghi, PC</u> on brief for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, U.S. Department of Justice, <u>Barbara C. Biddle</u>, Attorney, Civil Division, U.S. Department of Justice, and <u>Constance A. Wynn</u>, Attorney, Civil Division, U.S. Department of Justice, on brief for respondent.

October 27, 2006

**STAHL**, <u>**Senior Circuit Judge**</u>.  Petitioners Conilia Wijaya and Alfred Andre Martian, husband and wife, seek review of a final order of removal issued by the Board of Immigration Appeals (BIA). Wijaya, the wife, filed as the lead applicant for asylum, withholding of removal, and relief under the Convention Against Torture (CAT); Martian's application was derivative of Wijaya's. Petitioners appeal the denial of asylum and withholding of removal. They do not argue error in the Board's affirmation of the Immigration Judge's (IJ) denial of relief under the CAT, and thus have waived that issue.  The Immigration Judge (IJ) concluded that Wijaya, the only witness at trial, was credible but did not qualify for asylum because she failed to show either past persecution or a well-founded fear of future persecution.  Because Martian's asylum claim was derivative of Wijaya's, his claim also failed.  The BIA affirmed the IJ's decision without opinion.

Wijaya and Martian are natives and citizens of Indonesia. Both are practicing Christians and Wijaya is ethnic Chinese.  They entered the United States on March 9, 2001, with valid six-month tourist visas.  In April of 2004, they were charged with overstaying their visas.  In response, they conceded removability on that ground and applied for asylum and withholding of removal. In this petition for review, Wijaya argues that she has suffered past persecution and has a well-founded fear of future persecution based on her Christian religion and Chinese ethnicity.

Because the IJ found Wijaya credible, we relate the facts as she related them. Wijaya testified orally and in writing that she faced discrimination and harassment since her youth on account of her ethnic Chinese minority status and Christian religion. She recounted being discriminated against, teased, and bullied in elementary and secondary school because she was ethnic Chinese. This discrimination continued in college and her workplace.

On May 13, 1998, Wijaya left work early after hearing that mobs were rioting in the streets and targeting ethnic Chinese. After picking up her sister, she attempted to drive home. However, there was a traffic jam on the highway and a group of people surrounded her car, yelling "Chinese must be killed." The group began banging on Wijaya's trunk. She managed to make a U-turn to escape the crowd. She drove to the airport to seek refuge, along with other ethnic Chinese. Wijaya was not physically harmed in the incident, but her car was damaged. Wijaya also recounted that on December 24, 2000, when she and Martian were attending Christmas Eve services at their church, she received a text message telling her that the Cathedral Church had been bombed. She later found out that several other churches and Christian schools had also been bombed that night.

On cross-examination, Wijaya admitted that she left Indonesia for Hong Kong in 2000, and returned voluntarily to Indonesia thereafter. She also testified that, while most of her

family is Buddhist, her mother is Catholic and has not been personally threatened or harmed for practicing her religion; her mother has, however, been scared to attend church on occasion.

The administrative record in this case is thin, comprising only the State Department's 2003 International Religious Freedom Report on Indonesia and the State Department's 2003 Indonesia Country Report. These reports corroborate Wijaya's account of the Christmas Eve 2000 church bombings, but also note that the government has put a leader of the Jemaah Islamiyah terrorist group on trial for the attacks. The reports detail violence against practicing Christians, including the burning of 25 churches in the 2002 reporting period, but also highlight a "sharp drop" in violence between Muslims and Christians. Finally, the reports note continued official discrimination against ethnic Chinese, but also report progress in the government's promotion of racial and ethnic tolerance.

Although the IJ found Wijaya credible, he ruled that Wijaya and her husband did not qualify for asylum based on past persecution or a reasonable fear of future persecution. The BIA affirmed without opinion.

Where, as here, the BIA affirms the IJ without opinion, this court reviews the IJ's decision directly and treats the "findings and conclusion of the IJ as the Board's own opinion." Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003). We review

-4-

the decision below for substantial evidence, accepting the IJ's findings of fact if they are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Njenga v. Ashcroft, 386 F.3d 335, 338 (1st Cir. 2004) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). We will reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). A petitioner bears the burden of establishing eligibility for asylum "by proving either past persecution or a well-founded fear of persecution," on account of her race, religion, nationality, membership in a particular social group, or political opinion. Velasquez v. Ashcroft, 342 F.3d 55, 58 (1st Cir. 2003). A well-founded fear of future persecution can be shown in either of two ways. First, the petitioner may show a genuine subjective fear of persecution, along with "credible, direct, and specific evidence" that would objectively support a reasonable fear of future individualized persecution. Guzman v. INS, 327 F.3d 11, 16 (1st Cir. 2003) (quoting Ravindran v. INS, 976 F.2d 754, 758 (1st Cir. 1992)). Second, a petitioner need not provide evidence that he would be singled out for persecution if he establishes that there is "a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in

-5-

a particular social group, or political opinion." 8 C.F.R. § 1208.13(b)(2)(iii)(A).

Wijaya argues that she has suffered past persecution and has a well-founded fear of future persecution on account of her Christian religion and Chinese ethnicity. We disagree. The incidents recounted by Wijaya, though clearly frightening to her, do not meet the high standard for showing past persecution. We have said that past persecution is more than "unpleasantness, harassment, and even basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000). We did not find past persecution in a similar case involving ethnic Chinese Christians from Indonesia who had arguably suffered more direct harm than Wijaya. See Susanto v. Gonzales, 439 F.3d 57 (1st Cir. 2006) (past persecution not shown where home of ethnic Chinese Indonesian was vandalized and Muslims threw stones at petitioner and fellow Christian worshipers). Here, Wijaya was not physically harmed in the 1998 incident, and was not directly threatened after that. The only other basis for the claim of past persecution is the text message she received during Christmas Eve services alerting her to a bombing at another church. While certainly disquieting to her, this incident does not make out a case for past persecution.

In addition, Wijaya's evidence does not compel us to conclude that she has a well-founded fear of future persecution. Such a fear is shown where "a reasonable person in the petitioner's

-6-

circumstances would fear persecution based on a statutorily protected ground." Nikijuluw v. Gonzales, 427 F.3d 115, 122 (1st Cir. 2005). The IJ found that Wijaya had a subjective fear of future persecution, but not an objective fear of the same. We agree. In previous asylum cases brought by ethnic Chinese Christians, we have held that where the petitioner's family members continue to live safely in the home country and evidence in the record, such as State Department reports, does not objectively support the petitioner's fear of persecution, the petitioner's claim must fail. See id. at 122; Zheng v. Gonzales, 416 F.3d 97, 101 (1st Cir. 2005). Here, Wijaya testified that her Catholic mother continues to reside in Indonesia without incident. Also, Wijaya left Indonesia in 2000 and voluntarily returned, which undermines her claim of fear. Finally, while the evidence in the record certainly shows violence and discrimination against Christians and ethnic Chinese, it also details improvements in the government's prevention and prosecution of such incidents. Without more, we are not compelled to conclude that Wijaya has a well-founded fear of individualized persecution. In addition, on such a thin record, it is not possible to conclude that there is a pattern and practice of persecution against ethnic Chinese Christians in Indonesia such that Wijaya need not show an objective fear of future individual harm.

Finally, on appeal, Wijaya requests relief in the form of withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A), but fails to develop any legal argument to support her request. Therefore, we deem this claim waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Even if we were to consider the withholding request on its merits, because Wijaya does not meet the lower threshold for asylum, she also does not meet the higher standard for withholding of removal. See Alvarez-Flores v. INS, 909 F.2d 1, 4 (1st Cir. 1990) ("Since the standard for withholding deportation is more stringent, a petitioner unable to satisfy the asylum standard fails, a fortiori, to satisfy the former."). Therefore, Wijaya's application for withholding of removal was properly denied.

For the foregoing reasons, the petition for review is **denied**. The decision of the BIA is **affirmed**.